418 So.2d 1249 (1982)
Adelaide V. SLOMAN, Appellant,
v.
Francis J. SLOMAN, Appellee.
No. 81-1295.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
*1250 Howard S. Gaines, Fort Lauderdale, for appellant.
James F. Simpson, West Palm Beach, and Amy Shield Levine, Boca Raton, for appellee.
PER CURIAM.
This is an appeal by the wife from a dissolution of marriage judgment.
Responding to the wife's points, we have reviewed the judgment as concerns the division of marital assets and the failure to award the wife lump sum alimony. (There was no complaint as to the non-award of periodic alimony).
With a 44 year marriage and the parties in their sixties, the wife received approximately 38% of the marital assets worth approximately $125,450.00.[1]
From the appellate stance we know that the trial court need not necessarily equalize the financial position of the parties. Moreover, if reasonable men could differ as to the propriety of the action taken by the trial court, then there can be no finding of an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981); Gensemer v. Gensemer, 383 So.2d 913 (Fla. 2d DCA 1980). Employing these criteria, we determine that there was no abuse of discretion or error as to the division of assets and denial of lump sum alimony.
Finally, the wife is aggrieved because the court did not order the husband to pay the wife's legal expenses. We feel this point has merit. Because of the husband's substantially superior financial position, he should be required to pay all of the wife's reasonable attorney's fees and costs. Canakaris, supra; Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980); Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
AFFIRMED IN PART; REVERSED IN PART, and REMANDED for further proceedings consistent herewith.
GLICKSTEIN, DELL and WALDEN, JJ., concur.
NOTES
[1] This calculation omits the wife's assets acquired outside the marital relationship totalling approximately $21,500.00 plus her car, jewelry and social security income of $2,552.40 per year. It also omits the husband's car, his annual pension income of $8,259.36, plus his tax free bond income of $9,600.00 per year.