548 So.2d 865 (1989)
Richard T. AVERY, Appellant,
v.
Rachael L. AVERY, Appellee.
No. 88-0793.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Janice Brustares Keyser of Reid, Ricca & Rigell, P.A., West Palm Beach, for appellant.
P. Michael Manning, Jr., Delray Beach, for appellee.
WARNER, Judge.
The husband appeals a final judgment of dissolution which, inter alia, awards permanent periodic alimony, holds him in contempt for failure to pay payments required by the temporary order of support, and awards attorney's fees to the wife.
The parties have been married for ten years. The husband was in the insurance and securities business. Both parties had invested substantial sums of money in the business which was sold prior to the dissolution proceedings. Because of substantial creditors of the business due to the husband's mismanagement, very little was realized from the sale, although the testimony is unclear on that point. Subsequent to the sale the husband worked for the new owners for a while and for another corporation. At the time of the dissolution the husband was retired and receiving social security payments. However, during the year in which the dissolution was filed he also worked enough to earn the maximum amount allowable ($8,000) without losing his social security benefits. Once he produced that amount of income he quit his job. The husband had diabetes and was in poor health. The wife, age 58, also had health problems, although she testified that they would not keep her from working. She had worked throughout the marriage, first for a group of doctors, and then for her husband's business. At the time of the dissolution she was not working and had not been working since the sale of their business, approximately a year earlier.
In the final judgment the trial court awarded the wife $700 per month in permanent periodic alimony, telling the husband at the final hearing that he would have to go back to work to try and pay it. The *866 husband volunteered that he would have to go back to work just to exist as he could not make it on social security.
Was it within the trial court's discretion to award $700 per month permanent alimony to this wife when the award equalled the social security payment received by the husband? Under the circumstances presented in this case we think it was. The trial court can impute income to a spouse according to what he could earn by the use of his best efforts and consider the "earning capacity" of the paying spouse, Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). In this case the husband had made $8,000 plus his social security during the year in which the divorce was filed and indicated his intention to go to work again to help support himself. What the trial court awarded the wife was about one-half of the husband's income as permanent alimony. The trial court thus left each party with equal resources at the present time. Although there appears to be some capacity of the wife to contribute to her own support, there was no evidence presented below to show what that capacity was at the time of the trial court's ruling. Suffice it to say that if the wife's income increases substantially, there is always the remedy of a petition for modification available to the husband. And, considering the meager income available, neither party can expect to live according to their former style of living.
We do not determine by this opinion that a husband who has reached the age of retirement must continue working in order to pay alimony to his wife in all cases. Each case must turn on its own facts, and we cannot say the trial court abused its discretion in the disposition of the issue of alimony in this case. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). This is especially true in the instant case where the evidence heard by the trial court regarding the sale of the business could lead to a conclusion that the husband was realizing more out of the sale than he admitted to in his testimony.[1] In pronouncing judgment, the trial court noted that, after having listened to the evidence "[the husband's] credibility is not very high with me."
In addition the trial court found the husband in contempt for failure to pay the temporary alimony and the mortgage payments pending final judgment which he was required to do by agreed order. The arrearage on the temporary alimony was $100 and the amount of mortgage payments due on the marital residence was unstated, but a review of the parties financial affidavits would place the amount anywhere from $6,000 to $8,000. Although the trial court made the finding that the husband has the financial ability to pay, a finding that he had that amount available to him is without support in the record. Without the "keys to his cell" in his pocket, a civil contempt order is not properly issued. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985).
Finally, we find error in the award of attorney's fees. When the court places the wife in a financial position equal to her husband, she is not entitled to an award of attorney's fees. Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985).
We thus affirm the award of permanent periodic alimony to the wife in this case, but reverse the award of attorney's fees and order of contempt.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] He stated that the payments he was receiving were being used to reduce a judgment against him, but he did not know the amount of the judgment, nor did he offer any documentary proof of the judgment or the payments he made on it. Thus, the evidence presented a murky picture at best of the husband's financial ability.