645 So.2d 54 (1994)
Karen MARGULIES, Appellant/Cross-Appellee,
v.
Stanley MARGULIES, Appellee/Cross-Appellant.
Nos. 93-1036, 93-2718 and 93-2849.
District Court of Appeal of Florida, Fourth District.
November 2, 1994.
Clarification and Rehearing Denied December 9, 1994.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for appellant/cross-appellee.
A. Matthew Miller and James Fox Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellee/cross-appellant.
PARIENTE, Judge.
This is an appeal by the wife from a dissolution of marriage judgment and husband's cross-appeal. Among the several points raised on appeal and cross-appeal, only the attorney's fees award warrants discussion and reversal.
After thirty-one years of marriage, the parties divorced. The husband is a medical doctor and chief of radiology of a hospital. The wife had not been gainfully employed during the marriage and was fifty-five years of age at the time of trial. The trial court found that the wife had no readily marketable skills which would enable her to establish a standard of living commensurate with the standard set throughout the marriage. The husband's stipulated annual income from his medical practice averaged $550,000, exclusive of income from other assets.
While the parties' assets were equitably distributed so that the wife would receive income from their investments, together with permanent periodic alimony, in light of the substantial disparity in actual income and earning capacity between the parties, the trial court improperly determined that the husband should only pay one-half of the wife's attorney's fees and costs. In order to pay for her attorney's fees and costs, the wife would be required to invade her capital assets, which in turn would decrease the amount of income which they would generate. On the other hand, the husband could pay for all of the fees and costs out of current earned income, without invading any assets or even touching his investment income. Because of the husband's substantially superior financial position as a result of his established annual income from his medical practice, he should be required to pay all of the wife's reasonable attorney's fees and costs. § 61.16, Fla. Stat. (1993); see Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980); Kuczwanski v. Kuczwanski, 602 So.2d 623, 624 (Fla. 4th DCA 1992); Sloman v. Sloman, 418 So.2d 1249, 1250 (Fla. 4th DCA 1982).
We do not, however, quarrel with the amount of the wife's attorney's fees and costs which the trial court determined to be reasonable. Accordingly, we reverse the trial *55 court's award of one-half of the fees and costs and remand with instructions to award the wife the full amount of attorney's fees and costs which the trial court determined to be reasonable.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN and WARNER, JJ., concur.