WHATLEY, Judge.
The husband appeals and the wife cross-appeals the final judgment of dissolution. We affirm the award of permanent periodic alimony to the wife and reverse the denial of her motion for attorney’s fees.
The parties’ separation agreement, which was incorporated into the final judgr ment, did not contain an unambiguous waiver of the right to seek alimony, see White v. White, 617 So.2d 732 (Fla. 2d DCA1993), and therefore, the husband’s contention that the alimony award violates that agreement is without merit.
The husband has not shown that the trial court abused its discretion in awarding the forty-six-year-old wife of this twenty-six year marriage $700 a month in permanent periodic alimony. The wife, a high school graduate, testified that she believes she has reached the upper end of her earning capacity as a secretary. The husband has a four-year degree in criminology. His income is approximately twice that of the wife’s and half of that income is not taxable.
These same facts reveal the error in the trial court’s denial of the wife’s motion for attorney’s fees. See Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997) (primary consideration in award of attorney’s fees is financial resources of parties; other relevant factors are scope and history of litigation, duration of litigation, merits of respective positions, whether litigation was brought or maintained primarily to harass, and existence and course of prior or pending litigation).
Accordingly, we affirm the award of permanent periodic alimony to the wife but reverse the denial of an award to her of attorney’s fees and remand with directions that the trial court determine whether the husband should pay part or all of the wife’s reasonable attorney’s fees.
Affirmed in part, reversed in part, and remanded.
QUINCE, A.C.J., and SALCINES, J., concur.