PER CURIAM.
On the direct appeal, except as noted below, we affirm the final judgment of the trial court. The court’s decision on alimony was within the bounds of its discretion. See Avery v. Avery, 548 So.2d 865, 866 (Fla. 4th DCA 1989); Bradley v. Bradley, 347 So.2d 789, 790 (Fla. Bd DCA 1977). Many of the factors the trial court considered in awarding alimony also support an unequal distribution of marital assets.
We agree that the trial court erroneously valued the First Union account at $11,210. On remand, the account should be valued pursuant to the pretrial stipulation, and the trial court may adjust the equitable distribution, if appropriate.
On the cross-appeal, the final judgment should reflect the parties’ stipulation that the former wife is entitled to the following items of personal property: stereo system, generator, iron, shredder, Mr. Williamson’s wedding band, two four-drawer cabinets with original contents, GE portable VCR, and JVC camera.
Except as noted in the two preceding paragraphs, the final judgment is affirmed.
FARMER, STEVENSON and GROSS, JJ., concur.