864 So.2d 1229 (2004)
Keith R. WOLFE, Appellant,
v.
Nancy B. WOLFE, Appellee.
Nos. 4D02-3898, 4D02-4587.
District Court of Appeal of Florida, Fourth District.
January 28, 2004.
Rehearing Denied February 26, 2004.
*1230 Steven M. Pesso of Steven M. Pesso, P.A., and Jeanne C. Brady of Brady & Brady, Boca Raton, for appellant.
Cynthia L. Greene of Law Offices of Greene, Smith & Associates, P.A., Miami, and Law Offices of Sara Blumberg, P.A., Boynton Beach, for appellee.
WARNER, J.
The husband appeals a final judgment of dissolution of marriage in which the substantial assets of the parties were evenly split, and the wife received $13,000 per month in permanent periodic alimony. The husband complains about the size of the award, claiming that the wife did not need that amount of alimony, as her lifestyle during the marriage was frugal. In contrast, the husband claimed that by having to pay this amount of alimony he could not maintain his own lifestyle, which included purchasing season tickets to various sporting events and taking regular gambling trips.
*1231 We affirm all of the awards made. Although the wife did not spend as lavishly on herself as did the husband during the marriage, that does not mean that she is not entitled to maintain herself in the standard of living to which the parties were accustomed during the marriage. See Bacon v. Bacon, 819 So.2d 950, 954 (Fla. 4th DCA 2002). Her accountant testified that she would need $14,500 per month (before taxes) to maintain her standard of living and in arriving at this amount, excluded many of the luxuries that the husband appointed to himself. The accountant was examined and cross-examined on his figures. Thus, the trial court possessed substantial competent evidence to support its ruling, and the award is not an abuse of discretion.
As to the award of attorney's fees to the wife, while the assets were distributed equally between the parties, the husband's income still exceeds that of the wife. We therefore find no abuse of discretion in requiring the husband to pay the wife's attorney's fees.
On cross-appeal the wife claims that the court erred in failing to require the husband to pay her fees and costs incurred with respect to the taking and obtaining of a deposition of the wife's physician. The court reasoned that the husband should not be required to pay those fees because it was reasonable for him to take the deposition. The determination of whether to allocate fees to a particular party in a dissolution action centers on the need of the payee and the payor's ability to pay. See Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). While the trial court may consider other factors, including the merits of the parties' arguments or one party's use of the court to harass the other, see id. at 700, where there is need and ability to pay, a trial court abuses its discretion in denying fees, or a portion of a fee, on the ground that the actions of the party who incurred the particular fees were reasonable. The trial court did not find that the wife's fees were unreasonable, or that she had engaged in non-meritorious litigation. The court recognized that the excluded fees were incurred as a result of the husband's discovery demands. We therefore reverse and remand to include in the fee award the fees related to the taking of the physician's deposition.
Affirmed in part; reversed in part and remanded for further proceedings on the attorney's fee award.
GROSS and HAZOURI, JJ., concur.