890 So.2d 1161 (2004)
Lawrence GAUDETTE, Appellant,
v.
Syble GAUDETTE, Appellee.
No. 5D03-2998.
District Court of Appeal of Florida, First District.
December 17, 2004.
Steven J. Guardiano, Daytona Beach, for Appellant.
Joan Stefanec Briggs, of Adams, Briggs and Briggs, Daytona Beach, for Appellee.
PETERSON, J.
Lawrence Gaudette appeals a final judgment of dissolution of marriage awarding permanent periodic alimony of $1,000 per month and two-thirds of Syble Gaudette's attorney's fees.[1]
Lawrence and Syble were married in 1986. He was sixty and Syble was fifty years of age at the time of trial of their dissolution proceedings. Syble is a licensed practical nurse, but has suffered a litany of ailments that allow her to receive $1,135 per month in Social Security benefits.
The final judgment accurately reflects Lawrence's gross annual salary and is supported by a record that includes his Federal Wage and Tax Statement Form W-2. *1162 That figure of $51,805.98 agrees with Lawrence's Family Law Amended Financial Affidavit that indicates a monthly gross income of $4,317.17, or an annual income of $51,806.04 (12 x $4,317.17). His monthly deductions shown on his affidavit total $1,966.71, but must be adjusted upward for the alimony payments of $430 and dependent medical payments of $180.20 for which he is no longer responsible. The adjusted amount of $2,960.66 [$4,317.17  ($1,966.71  $430  $180.20)] can then be used to compare the relative monthly income of the parties:

 Wife Husband
 Social Security Wages $1,135 $2,961
 Alimony 1,000 (1,000)
 ______ _______
 $2,135 $1,961

Lawrence argued that his monthly income was $2,383[2] per month rather than $2,961 as calculated above, but he included in his computation $430 per month temporary alimony and $180.20 per month for health insurance for dependents.
Those computations indicate that Lawrence, the wage earner, has less remaining income than his dependent ex-wife after alimony at $1,000 per month is paid, but does not include the reduction of federal income taxes that will be available after he deducts on his federal income tax return the alimony payments made to Syble. Although we continually urge that litigants present evidence of the federal tax affect on the parties' respective incomes, fault for failure to do so cannot be placed upon the trial court when the evidence is not presented to it. In this instance, the monthly income is almost equal and we will not disturb the award of alimony nor the amount.
The equality of monthly income available to each of the parties affects the trial court's finding that Lawrence has a substantially greater ability than Syble to pay attorney's fees, costs and expenses resulting from the litigation. We cannot find other record support for any resources available to the husband that would place him in a substantially greater position to pay those fees. Accordingly, we vacate paragraph 11 of the Final Judgment of Dissolution of Marriage that awards attorney's fees to the wife and find that their relatively equal financial positions require that each share their respective fees, costs and expenses.
AFFIRMED IN PART; REVERSED IN PART.
SAWAYA, C.J., and PLEUS, J., concur.
NOTES
[1] Other issues are raised on appeal which we find have no merit.
[2] The Wife calculated Lawrence's monthly income at $3,023.78.