899 So.2d 1152 (2005)
Jon D. DERREVERE, Appellant,
v.
Gena DERREVERE, Appellee.
No. 4D03-3281.
District Court of Appeal of Florida, Fourth District.
March 23, 2005.
Shirley Jean McEachern of Derrevere & Hawkes, West Palm Beach, for appellant.
Martin H. Colin of Law Offices of Martin H. Colin, Lake Worth, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
This is an appeal by Jon D. Derrevere, former husband, from a Final Judgment of Dissolution of Marriage. The sole issue raised by appellant is that the trial court erred in awarding former wife a portion of her attorney's fees, suit money, and costs. We reverse and remand for the trial court to enter an amended final judgment.
In this case, the parties agreed to the distribution of most of their marital assets and liabilities, with the court resolving any disputes not agreed to by the parties. The former husband's monthly gross income was found to fluctuate, but averaged $36,000 per month; the court imputed an annual salary of $30,000 to the former wife, or $2,500 per month. The former husband was ordered to pay permanent periodic alimony in the amount of $15,500 per month.
The former husband ultimately received assets valuing $43,348 more than the former wife, but was required to pay liabilities totaling $67,083 more than the former wife. The amount required to achieve equal equitable distribution between the parties was $11,867. With regard to that difference, the court stated:
However, it is just and equitable that the Wife not be required to pay an $11,867 equalization payment to the *1153 Husband. The equalization amount is near the cost the Wife will be required to pay for COBRA health insurance coverage for herself through the Husband's law firm. Such insurance will cost the Wife in excess of $500 per month, and will continue for 2-3 years. In all other respects, the Court distributes the assets and liabilities of the parties equally in this equitable distribution plan.
In the final judgment of dissolution, the trial court stated that, as a result of the equitable distribution scheme, the parties' income was "almost identical" and the former husband had "superior future income prospects and earning ability than does the Wife." The court found that the former wife was in need of assistance paying her attorney's fees and that the former husband had the ability to assist; therefore, he was ordered to pay fifty percent of her reasonable fees. The parties were to agree upon an appropriate fee.
On appeal, the former husband contends it was error to order him to pay a portion of the former wife's attorney's fees because she fared better in the equitable distribution plan and he does not have the ability to pay.
The standard for awarding attorney's fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay. See Ondrejack v. Ondrejack, 839 So.2d 867, 872 (Fla. 4th DCA 2003); § 61.16, Fla. Stat.; see also Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997).
The trial court in this case equalized the situation of the parties, both as to assets and income. "Superior future income prospects" does not translate into ability to pay. It suggests speculative increases in earnings, nothing more. At the time of the final judgment, which is the time when the ability to pay must be determined, the parties were financially equal. The attorney's fee award should have been denied. See Gaudette v. Gaudette, 890 So.2d 1161 (Fla. 5th DCA 2004); Avery v. Avery, 548 So.2d 865 (Fla. 4th DCA 1989).
We, therefore, reverse and remand with directions for the trial court to enter an amended final judgment in accordance with this opinion.
REVERSED AND REMANDED with directions.
WARNER, SHAHOOD, JJ., and GATES, MICHAEL L., Associate Judge, concur.