918 So.2d 412 (2006)
Lester P. CUNNINGHAM, Appellant,
v.
Patricia A. CUNNINGHAM, Appellee.
No. 2D04-5730.
District Court of Appeal of Florida, Second District.
January 20, 2006.
*413 Robert L. Valentine, Lakeland, for Appellant.
T.W. Weeks, III, of Law Office of Ted W. Weeks, III, P.A., Lakeland, for Appellee.
ALTENBERND, Judge.
Lester Cunningham, the Husband, appeals a final judgment of dissolution of marriage which, in pertinent part, denied his request for permanent periodic alimony and for a contribution toward his attorneys' fees. The trial court based its decision regarding these financial measures primarily on its finding that the Husband had drastically understated his income in his financial affidavit and his testimony at trial. The court also noted that both parties had consistently understated the Husband's income in their joint tax returns. Although there was evidence that the Husband earned more income than the amount he claimed at trial, it is undisputed that the Wife had significantly higher earnings than the Husband during this twenty-nine-year marriage. Even imputing income to the Husband, the Wife's income is significantly higher than the Husband's. Under these circumstances, the Husband's misrepresentations do not provide a legal basis to completely deny his claims for financial assistance, and the trial court abused its discretion in failing to award the Husband at least a nominal amount of permanent periodic alimony and a more significant contribution to his attorneys' fees.
The parties were married for twenty-nine years, and they have two adult children. Both parties are in their mid-fifties and in good health. They have relatively modest assets, and they agreed to an equitable distribution of those assets. The Wife is employed as a senior security administrator with a major corporation, where she earns over $62,000 gross income per year. In that capacity, she is eligible for health insurance, life insurance, and participation in a 401(k) retirement plan. She has worked in this or a similar capacity for over twenty-six years.
Throughout this marriage, the Husband has been a self-employed cosmetologist. His employment does not offer any of the benefits the Wife's employment offers, and at the time of trial he received health insurance coverage through the Wife's employer. Much of the Husband's earnings are paid in cash, and he keeps no standard or complete accounting of his earnings. Not surprisingly, the parties presented disparate evidence regarding the amount of income the Husband regularly earned.
The Husband asserted in his financial affidavit and at trial that his net income was approximately $500 per month. The parties' joint income tax returns from recent years were consistent with this testimony, indicating net income for the Husband of approximately $4000 per year. According to the Husband, he was trying to increase his earnings and hoped to earn $1000 per month in the future.
The Wife presented the testimony of an accountant who reviewed the Husband's appointment book and calendar, the amounts charged for certain services, and certain published statistical data. The accountant opined that the Husband's actual net income was approximately $32,000 per year. The accountant explained that according to data collected and published by the Bureau of Labor and Statistics, this would place the Husband's income in the ninetieth percentile for cosmetologists in his geographic location.
During the trial, the trial judge expressed concern with the veracity of the parties, and particularly the Husband's testimony about his income. Despite the court's expressed skepticism, the Husband *414 continued to assert that he was currently earning only $500 per month and could only hope to earn $1000 per month in the future.
At the conclusion of the trial, the trial judge noted that he was sadly accustomed to dealing with misrepresentations regarding income in domestic relations cases, but that the level of misrepresentation in this case was egregious. The judge added that the Wife must have known that the joint tax returns the parties filed each year were inaccurate. After expressing some frustration in trying to determine an accurate income for the Husband, the trial court concluded that the Husband's gross income was approximately $24,000 per year.
The trial court awarded the Husband $2000 in lump sum permanent alimony, specifically for the purpose of permitting the Husband to obtain a new vehicle because his 1994 Chevrolet Lumina was in disrepair. Although the parties had agreed that the Husband's attorneys' fees of $7500 were reasonable and the Husband had testified that he still owed a large balance to his attorney, the trial court awarded the Husband only $2000 as a contribution toward his attorneys' fees. The trial court ordered the Wife to pay the lump sum alimony and the contribution for attorneys' fees within one year from the entry of the final judgment.
We understand the trial judge's concerns regarding the lack of candor in the Husband's reported income. This court also has experience with obvious misrepresentations about income in family law matters. We appreciate that a state trial judge is placed in a bit of a quandary when the parties present joint federal income tax returns that do not seem accurate. Nevertheless, it is not the job of the state court in a dissolution proceeding to fashion remedies to enforce federal tax laws when the parties submit joint federal tax returns containing misstatements. Even when the parties misrepresent their income, the court must still attempt to establish alimony based on need, ability to pay, and the relevant statutory factors. See § 61.08, Fla. Stat. (2004).
Here, the evidence established that, at best, the Husband could earn perhaps $42,000 in gross revenue per year from his business and approximately $32,000 net income, with no benefits. The trial court found the Husband actually earned approximately $24,000 per year. The Wife, in contrast, earns over $62,000 in gross income from her employment (approximately $46,000 net income), has no significant expenses associated with that employment, and receives benefits as a result of that employment. The evidence established that the Husband's income would not permit him to maintain the standard of living established during the marriage on his sole income, particularly given his need to obtain his own, separate health insurance. Under these circumstances, the trial court abused its discretion in denying any amount of permanent periodic alimony. See Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); see also Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991); Leon v. Leon, 652 So.2d 1164 (Fla. 4th DCA 1995).
In addition, as the trial court recognized, this same financial disparity merited an award of attorneys' fees to the Husband. In light of the uncontradicted testimony that the Husband had incurred $7500 in reasonable attorneys' fees connected with the dissolution of marriage and continued to owe a substantial portion of those fees to his attorneys, the trial court abused its discretion when it did not require the Wife to pay a greater portion of the Husband's attorneys' fees. See Baas v. Baas, 718 So.2d 359 (Fla. 2d DCA *415 1998); Nelson, 588 So.2d 1049. Of course, on remand, the appropriate contribution toward the Husband's attorneys' fees may depend in part upon the new award of permanent periodic alimony because that award will affect the Wife's ability to pay attorneys' fees and the Husband's need for such a contribution.
We therefore reverse the final judgment to the extent that it denied the Husband any amount of permanent periodic alimony and awarded only $2000 toward the Husband's attorneys' fees. The final judgment is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
VILLANTI and LaROSE, JJ., Concur.