WHATLEY, Judge.
 

 On August 4, 2005, a son was bom to Gregory Galasso and Melissa Gargione, who have never married. In 2008, the Father filed a petition to establish child custody, support, and other relief. The Mother filed an answer and counterclaim to determine paternity. However, at the hearing on the parties’ petitions, the parties stipulated to the Father’s paternity of the child. The hearing was not transcribed, but the record contains an order of the trial court approving the Father’s second revised statement of the evidence. After the hearing, the trial court entered a final judgment, and the Father now appeals that judgment, raising several issues. We affirm in part, reverse in part, and remand for further proceedings.
 

 The Father argues that the final judgment reflects that it was not a product of the trial court’s independent decision-making. He cites
 
 In re T.D.,
 
 924 So.2d 827, 831 (Fla. 2d DCA 2005), in which this court stated that the “[t]he rule in this district, as elsewhere in Florida, is that we will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge’s independent decision-making.” The Father asserts that the following circumstances in this case created such an appearance: the court directed only the Mother’s attorney to submit a proposed final judgment and it signed the judgment submitted; the court directed the Mother’s
 
 *16
 
 attorney to insert the exact amount of child support arrearage into the judgment; the court had no basis for awarding the Mother child support arrearages; the judgment contained findings regarding an award of attorney’s fees to the Mother despite the court’s having reserved jurisdiction on the issue of fees. The Father acknowledges that he submitted objections to the proposed final judgment.
 

 In
 
 T.D.,
 
 924 So.2d 827, this court clarified that reversal is not required solely because a trial court adopts a judgment prepared by one of the parties. This court noted that in its guidelines regarding requesting proposed final judgments from the parties, the supreme court stated that a trial court may direct only one party to prepare a final judgment and, if it does, it must give the other party an opportunity to review and submit objections.
 
 Id.
 
 at 830 (citing
 
 Perlow v. Berg-Perlow,
 
 875 So.2d 383, 384 (Fla.2004)). In addition, the trial court should, when possible, declare on the record its findings of fact and conclusions of law before requesting the judgment.
 
 Id.
 
 The statement of the evidence reflects the court’s announcement of its findings and its direction to the Mother’s attorney to prepare a proposed final judgment. The Mother’s attorney did so, and the Father submitted objections on March 28, 2009. The final judgment was signed on April 10, 2009. Accordingly, the circumstances in this case do not indicate that the final judgment was not the product of the trial court’s independent decision-making.
 

 The statement of the evidence states that “[t]he Court directed [the Mother’s attorney] to include the exact amount of the child support arrearage in his closing argument.” The Mother’s closing argument is not in the record. The statement also says: “[The Mother’s attorney] was to determine the child support arrearage and to submit that amount-” The Father argues that these statements indicate a lack of independent decision-making by the trial court and that there was “no basis for making any findings as to the child support ‘arrearage.’ ” However, because the statement of the evidence does not contain the facts regarding ar-rearages that were presented to the trial court, we cannot say conclusively that the Father’s arguments show reversible error.
 
 See Starks v. Starks,
 
 423 So.2d 452 (Fla. 1st DCA 1982) (holding that stipulated statement of the evidence was insufficient to show that trial court erred; greatest deficiency in statement was absence of facts presented to trial court). And error is not apparent on the face of the final judgment.
 
 Cf. Chirino v. Chirino,
 
 710 So.2d 696 (Fla. 2d DCA 1998) (noting that absence of transcript does not preclude reversal where error of law is apparent on face of judgment).
 

 The Father argues that the final judgment is inconsistent with the statement of the evidence regarding the amount of “makeup” time with his son that he was awarded. The statement says: “[The Father] was to get custody of the child for three weeks during each of the summer months, to be completed by September.” However, the final judgment states: “To compensate [the Father] for the four weeks of visitation he missed during the period from April 2008 through July of 2008. [sic] [the Father] shall share time with [the child] for three weeks in June of 2009 (the second, third and fourth weeks) and three weeks in July of 2009 (the second, third and fourth weeks).” The final judgment is clearly inconsistent with the statement of the evidence, and we must reverse for correction of the judgment to conform with the court’s pronouncement as reflected in the statement of the evidence.
 

 
 *17
 
 The Father argues that there is no competent substantial evidence to support the finding in the final judgment that his net monthly income is $2758. We agree. The statement of the evidence states that, while the Father testified that he was working forty hours or less a week earning $20 an hour, he did not bring a paycheck stub with him to the hearing. He did not testify as to the amount of deductions from his pay, and no documentary evidence of his net income was presented.
 

 The Mother argues that the Father’s testimony supports a gross income of $3200 and, deducting taxes, his net income would be around $2758. However, she does not say that this assertion is based on evidence presented at the hearing. Moreover, the statement of the evidence says that the Father is working forty hours
 
 or less
 
 a week. Because it appears from the statement of the evidence that no evidence was presented regarding the Father’s net income, we must reverse this aspect of the judgment and remand for further proceedings to determine the Father’s income.
 

 The Father argues that the trial court abused its discretion in failing to adjust his child support obligation for the months in which he was awarded makeup time with his son, pursuant to the dictates of section 61.30(l)(a), Florida Statutes (2009). That statute provides that the trier of fact “shall” vary the amount of child support called for by the guidelines “whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with either parent. This requirement applies to any living arrangement, whether temporary or permanent.” The final judgment does not contain an adjustment to the Father’s child support obligation for the makeup period. In light of the mandatory language of section 61.30(l)(a), we must reverse and remand for compliance with the statute.
 

 Finally, the Father argues that the trial court abused its discretion in ordering him to pay $10,000 toward the Mother’s attorney’s fees. Because we are reversing due to the lack of evidence to support the trial court’s determination of the Father’s income, we direct the court to revisit the award of attorney’s fees after it makes that determination. We note that neither party is entitled to an award of attorney’s fees when the trial court places them in equal financial positions.
 
 See Derrevere v. Derrevere,
 
 899 So.2d 1152, 1153 (Fla. 4th DCA 2005) (citing
 
 Avery v. Avery,
 
 548 So.2d 865 (Fla. 4th DCA 1989)).
 
 [1]
 

 We reverse the final judgment with regard to the amount of the Father’s makeup time with the child, the finding regarding the Father’s income, the award of attorney’s fees to the Mother, and the failure of the trial court to adjust the Father’s child support obligation during his makeup time with his son. We affirm in all other respects. We remand with the directions outlined in this opinion.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 SILBERMAN and CRENSHAW, JJ., Concur.
 

 [1]
 

 . While
 
 Derrevere
 
 and
 
 Avery
 
 are dissolution of marriage cases, they are applicable to this paternity action because section 742.045 is nearly identical to section 61.Í6, the statute concerning the award of attorney's fees in dissolution of marriage actions.
 
 See Guerin v. DiRoma,
 
 819 So.2d 968, 971 (Fla. 4th DCA 2002).