TAYLOR, J.
Sandra Goldstein, the wife, appeals an amended final judgment of dissolution of marriage. She contends that the trial court abused its discretion in denying her request for attorney’s fees and costs and failing to make findings as to her financial need and the husband’s ability to pay. The wife also argues that the trial court erred in attributing depleted joint marital funds solely to her, because she used the funds for living expenses and there was no finding of misconduct. We agree with appellant on both issues and reverse.
The parties, Raymond and Sandra Gold-stein, were married in 1974 and have three grown children. In February 2009, the husband petitioned for dissolution of marriage. The wife is sixty years old, unemployed, disabled, and receives no retirement benefits. She suffers from stenosis of the neck and receives social security disability income of $1,463.85 per month. The husband is sixty-one years old and is a retired school teacher. He receives a gross monthly pension benefit of $5,380.09. Although he does some odd jobs as a handyman, the trial court found that he does not earn any substantial income on a regular basis from such jobs.
The wife currently lives in the marital home, which has no equity and is “upside down.” The home is worth $62,500, but is encumbered by a mortgage of $119,700. The trial court specifically found that the wife “has had the exclusive use and possession of the marital home since the husband moved out and she has been paying all of the carrying costs on the home without any assistance from the Husband.”
Most of the parties’ net worth consists of the husband’s retirement assets. The equitable distribution schedule lists the marital retirement accounts as being worth $174,212. Prior to the final hearing, the parties agreed to take an advance on equitable distribution by equally dividing about $164,000 worth of retirement assets. The husband has already received his $82,000 share; he used most of it to purchase a new home. The wife had not received her share by the time of trial.
The trial court held a two-day bench trial, for which the wife incurred costs for a court reporter and an accounting expert. Following trial, the court entered a Final Judgment of Dissolution and, later, based on the wife’s motion for rehearing, which was granted in part, entered an Amended Final Judgment of Dissolution.
In the Amended Final Judgment, the trial court considered the statutory factors set out in section 61.08, Florida Statutes, and awarded the wife $1,000 per month in permanent periodic alimony and six months of retroactive alimony. The court found that the parties enjoyed a middle class standard of living during the marriage but noted that “the parties have been spending much more than they were earning and have depleted most assets as a result.” The court further noted that the wife claimed a monthly need of $8,828.60 per month but found that “[t]here is clearly no ability to meet the wife’s total needs as listed in her financial affidavit.” After payment of the alimony award, the husband has a net income of $3,419 per month, which is $1,154 or about 50% more than the wife’s net income of $2,265 per month.
As to equitable distribution, the trial court noted that most of the values were agreed upon by the parties. However, the court attributed the entire value of a Citi CD in the sum of $11,302 to the wife on the Schedule of Couple’s Net Worth (“Schedule”) because the “evidence showed that those funds were actually used by the Wife and the Husband did not receive any of the funds from that account.” It was undisputed at trial that the -wife cashed out the CD for living expenses that the hus *972 band ceased paying after he moved out of the marital home.
In the Amended Final Judgment, the trial court denied the wife’s request for attorney’s fees and costs, stating only as follows: “The Court has considered the litigation involved in this case as well as the equitable distribution provided for herein. Each party shall pay their own fees and costs.”
On appeal, the wife contends that the trial court abused its discretion in denying her request for attorney’s fees and costs without analyzing the relevant factors under Rosen v. Rosen, 696 So.2d 697 (Fla. 1997), and providing written findings on these factors. She also argues, on the merits, that the trial court abused its discretion by not awarding her at least a portion of her attorney’s fees and costs.
While the trial court erred in failing to make specific findings on need and ability to pay, we conclude that even if the trial court had made specific written findings, the denial of any award of fees and costs to the wife was an abuse of discretion. Notwithstanding the equal distribution of assets, which resulted in the wife receiving more liquid assets than the husband, the record reflects that there still exists a significant income disparity. The wife has a need for fees and costs, and the husband has a greater ability to pay at least a part of her fees and costs. The trial court thus abused its discretion in failing to award the wife at least a portion of her fees and costs. See Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005) (explaining that the central factors to consider in awarding fees in a dissolution case are “the financial need of the requesting party and the financial ability of the other party to pay”); Cunningham v. Cunningham, 918 So.2d 412, 414-15 (Fla. 2d DCA 2006) (finding that the trial court abused its discretion when it did not require the wife to pay a greater portion of the husband’s attorneys’ fees, based on the same financial disparity that merited an award of permanent periodic alimony to the husband); Hutto v. Hutto, 842 So.2d 994, 997 (Fla. 2d DCA 2003) (holding that the trial court abused its discretion in failing to require the husband to make at least a partial contribution to the wife’s attorney’s fees, even though the parties’ incomes were not “greatly disparate” after the wife received the alimony award); cf. also Wolfe v. Wolfe, 864 So.2d 1229, 1231 (Fla. 4th DCA 2004) (finding no abuse of discretion in awarding attorney’s fees to the wife, where the husband’s income exceeded that of the wife even though the assets were distributed equally between the parties). Accordingly, we reverse and remand with instructions that the trial court award at least a portion of the wife’s attorney’s fees and costs.[1]
The wife also argues on appeal that the trial court erred in attributing the entire $11,302 Citi CD to her, because the CD was a marital asset that was depleted to pay for her reasonable living expenses and there was no finding of misconduct. We have held that “it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings unless the depletion was the result of misconduct.” Tillman v. Altunay, 44 So.3d *973 1201, 1203 (Fla. 4th DCA 2010) (internal quotation marks omitted). Absent a finding of misconduct, where an asset is used by one of the parties out of necessity for reasonable living expenses, that asset should not be assigned to the party who used those funds. Sheehan v. Sheehan, 943 So.2d 818, 822 (Fla. 4th DCA 2006). Further, the misconduct necessary to support inclusion of dissipated assets in an equitable distribution scheme does not include mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves. Roth v. Roth, 973 So.2d 580, 585 (Fla. 2d DCA 2008); accord Segall v. Segall, 708 So.2d 983, 986 (Fla. 4th DCA 1998). Rather, “to include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse’s intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from intentional misconduct.” Roth, 973 So.2d at 585.
In this case, the trial court made no such finding of misconduct, nor was there any evidence to support a finding that the depletion was as a result of the wife’s misconduct. In fact, the only evidence at trial was that the wife used those funds to pay bills for living expenses, and the trial court made a specific finding that the wife had been paying “all of the carrying costs on the home without any assistance from the Husband” after the parties separated. Although the husband suggests that the wife’s spending was unreasonable, the record does not support this contention. The divorce was pending for over a year before the final hearing. Given the wife’s modest disability income, her $11,000 expenditure from the Citi CD for household expenses during the pendency of the divorce was not unreasonable. Moreover, even if some of the wife’s expenses were unreasonable, there was no finding of misconduct or intentional dissipation; as explained above, simple mismanagement of marital funds is insufficient. Accordingly, we reverse and remand with directions for the trial court to reduce the wife’s assets on the Schedule by one-half of the value of the Citi account, or $5,651, and thus increase the wife’s equalizing payment by that same amount.

Reversed and Remanded.

STEVENSON and CIKLIN, JJ., concur.

. We find no merit, however, in the wife’s argument that at least one-half of the costs of the CPA and court reporter hired by the wife should have been designated as the husband's costs on the theory that these costs benefitted both parties equally. These costs were the wife's costs. While reimbursement of a portion of these costs is appropriate, our decision is grounded solely under section 61.16, Florida Statutes. We leave it to the trial court to determine in the first instance the appropriate portion of the costs that the husband should be required to pay.