WARNER, J.
The former wife timely appeals a final judgment of dissolution of marriage. She raises three issues, two of which we affirm without discussion.[1] We reverse, however, the trial court’s denial of any award of attorney’s fees to the wife, because it creates an inequitable depletion of the wife’s assets, when the husband has the ability to pay an award.
The husband filed his petition for dissolution of marriage in February 2010, after twelve years of marriage, which is categorized by statute as a “moderate-term marriage.” § 61.08(4), Fla. Stat. (2010). The parties have two minor children. The wife is in her mid-40s and has been a registered nurse for over 20 years. The wife also became a certified medical ease manager in 2010. Although the wife’s income was disputed, the trial court found that the wife’s gross monthly income based upon her current salary totaled about $5,000. The wife’s net income was found to be $8,851 per month. The husband is 50 years old and works as a medical doctor. Based upon the testimony of the husband and his forensic accountant, the trial court found that his net monthly income totaled $81,838 per month.
In a temporary relief order, the trial court granted $50,000 to the wife in attorney’s fees and accountant’s fees. The funds to pay these expenses were to come from the cash surrender value of insurance policies as well as the parties’ respective retirement accounts. A subsequent order provided for additional attorney’s fees to the wife to be paid through a Qualified Domestic Relations Order on the husband’s 401 (k) account, another marital asset.
In the final judgment, the court’s equitable distribution plan resulted in both parties receiving about $332,000 in equitable distribution of marital assets. The court awarded the husband a net $584,273 in assets, and the wife was awarded $116,208. To equalize the wife’s share, the court ordered the husband to pay the -wife $216,032, in payments of $10,000 per month until fully paid. The court ordered the husband to pay durational alimony to the wife at a rate of $5,000 per month for ten years and child support of $2,748 per month, with the amount to change once the wife’s durational alimony has terminated and the oldest child has reached the age of majority. The trial court denied the wife’s request to have the husband pay her attorney’s fees and costs. It found that, after considering the husband’s alimony obligation, his equitable distribution equalizing payment obligation, his child support obligation, his expenses while he is caring for the children, and the significant carrying costs associated with the marital residence which was to be sold, he would be in no position to contribute to the wife’s attorney’s fees and costs. The court found that it was not appropriate to award the wife fees based upon the husband’s future superior income, citing Derrevere v. Derrevere, 899 So.2d 1152 (Fla. 4th DCA 2005). The court also found that the wife did not have a need for fees: “In the case at bar, the Wife’s ability to earn income is $60,000.00 per year and she is receiving close to $300,000.00 pursuant to the schedule of equitable distribution.” In addition, the court found that $50,000 of the wife’s attorney’s fees was already paid out of the *884 parties’ assets. Thus, the wife had not demonstrated a need for an award of attorney’s fees and costs. This appeal follows.
The wife contends that the trial court abused its discretion when it denied her request for an award of attorney’s fees and instead forced her to pay her attorney’s fees from her award of equitable distribution. She argues that it was inappropriate to cause her to diminish her award of equitable distribution when the husband earns so much more than she does. The standard of review of a fee award in a dissolution proceeding is abuse of discretion. Phillips v. Ford, 68 So.3d 257, 258 (Fla. 4th DCA 2010).
 Section 61.16(1), Florida Statutes (2010), provides that the court in a dissolution of marriage case “may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter....” The factors to consider in awarding fees in a dissolution case are “the financial need of the requesting party and the financial ability of the other party to pay.” Derrevere, 899 So.2d at 1153. In considering a party’s financial need for attorney’s fees, it is proper “to prevent the inequitable diminution” of a spouse’s share of an equitable distribution. Bagley v. Bagley, 720 So.2d 582, 583-84 (Fla. 4th DCA 1998). This has been a consistent principle since Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), where the supreme court first explained that, “It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay these fees.” It further noted that an award of fees is proper “to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings.” Id. at 1205.
Notwithstanding an equal distribution of assets, a significant income disparity can justify an award of attorney’s fees and costs. Goldstein v. Goldstein, 90 So.3d 970, 972 (Fla. 4th DCA 2012); Margulies v. Margulies, 645 So.2d 54 (Fla. 4th DCA 1994). The Margulies case is instructive. There, the parties’ assets were equitably distributed, but there was a substantial disparity in the parties’ income in light of the husband’s $550,000 annual income from his medical practice. The trial court required the wife to pay one-half of her attorney’s fees and costs. This court, however, reversed and remanded with directions that the husband be responsible for the full amount of the wife’s fees and costs. This court emphasized that the husband was capable of paying all of the fees and costs out of current earned income without invading any assets or touching his investment income, while the wife would be required to invade her capital assets to pay for the attorney’s fees.
In the present case, the trial court abused its discretion in failing to award the wife at least a portion of her fees and costs. Contrary to the trial court’s ruling, it is apparent that the wife did have a need for attorney’s fees and costs. The denial of fees and costs to the wife will result in an inequitable diminution in the wife’s equitable distribution award, while the husband can preserve his entire distribution.
Although the trial court equalized the property division, the parties are not close in having similar resources with which to pay attorney’s fees. Even after deducting alimony and child support from the husband’s income and adding them to the wife’s income, the husband still has more than twice as much income as the wife. The husband is able to pay the equalizing payment for property distribution from his *885 current income, and the expenses of the marital home will end as soon as the home is sold, as it has been listed for sale. Thus, within about two years, the husband will have $584,000 in assets and an income of about $24,000 per month, after paying alimony and child support. The wife, on the on the other hand, will have a monthly income, including child support, of $11,600 and will have to pay her attorney’s fees from her equitable distribution, ending up with about $200,000 in assets.
In concluding that the husband did not have the ability to pay the wife’s fees and costs, the court relied on payments that it required the husband to make in the final judgment. The trial court’s finding that the husband does not have the ability to pay attorney’s fees gives too much weight to the costs associated with the debt on the marital home as well as to the $10,000 monthly equitable distribution payments, which are being paid out of current income but will end within two years. Although the husband does have substantial monthly expenses currently, the trial court could have simply adjusted the husband’s required monthly payments so that the equalizing payment and any award of attorney’s fees would be paid off over a longer duration, or the court could have made part of the equitable distribution or attorney’s fees award payable upon the sale of the marital residence, in which there is substantial equity.
The husband clearly has the ability to pay at least a substantial portion of the wife’s fees from his income and should be required to do so. The trial court misapplied Derrevere in finding that an award of fees would be inappropriate. Unlike the present case, Demvere involved a situation where the trial court equalized the financial situation of the parties, both as to assets and income. 899 So.2d at 1153. Even though the trial court in Derrevere found that the husband had “superior future income prospects,” we held that an award of fees to the wife was improper. Id. However, the “superior future income prospects” discussed in Derrevere referred to “speculative increases in earnings” that did not translate into a present ability to pay. Id. This case, by contrast, involves a present ability to pay, based on a regular and continuous income derived from a well-established medical practice.
In sum, the court abused its discretion in denying any further award of fees to the wife, where the husband clearly had the financial ability to contribute to the wife’s fees and the wife’s equitable distribution award would be inequitably diminished should she not receive an award of fees. We thus reverse the denial of an additional award of attorney’s fees.

Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.

GROSS and LEVINE, JJ„ concur.

. We decline to consider any issues raised for the first time in the reply brief. See J.A.B. Enters. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992).