PER CURIAM.
Caroline Bell Chadbourne appeals a final judgment granting dissolution of marriage raising issues relating to equitable distribution, alimony, and attorneys’ fees and costs. We affirm on all issues except the trial court’s denial of her attorneys’ fees and costs, which we reverse.
The husband left the 26-year marriage with a net worth of $17 million while the wife left with under $1 million. To require her to pay the remaining balance of her attorneys’ fees, about $200,000, would require an “inequitable diminution” of her *76 equitable distribution award. Conlan v. Conlan, 43 So.3d 931, 934 (Fla. 4th DCA 2010). Given the significant disparity in wealth, her demonstrated need, and the husband’s clear ability to pay, the trial court abused its discretion in denying the wife’s request for attorneys’ fees and costs. See Duncan-Osiyemi v. Osiyemi, 117 So.3d 882, 885 (Fla. 4th DCA 2013) (reversing a denial of the wife’s request for attorneys’ fees where there existed a significant income disparity and she would have to deplete her equitable distribution in order to pay the fees); Kelly v. Kelly, 925 So.2d 364, 369 (Fla. 5th DCA 2006) (mandating a husband who had a net worth of $12.6 million to pay the wife’s attorneys’ fees where she left the marriage with $3 million, citing the husband’s “far superior financial posture”).
LEWIS, C.J., BENTON, and MARSTILLER, JJ., concur.