555 So.2d 1309 (1990)
Earl Edward HOFFAY, Jr., Appellant,
v.
Rose Mary HOFFAY, Appellee.
No. 89-193.
District Court of Appeal of Florida, First District.
January 24, 1990.
Gail A. Adams, Jacksonville, for appellant.
Eddie Easa Farah, Jacksonville, for appellee.
MINER, Judge.
The former husband appeals from a final judgment of dissolution challenging the lower court's award of attorney's fees and a special equity in the marital residence to the former wife. We reverse and remand.
Appellant/husband and appellee/wife were married in December of 1980 and divorced in September of 1983. On September 25, 1983, only ten days after their divorce, the parties remarried. The day after remarriage, the wife transferred her sole interest in the marital residence to herself and her husband as tenants by the entireties. She testified that the transfer was required by the bank from whom the parties wished to obtain a second mortgage. The second mortgage was obtained in the amount of $10,000 and the check was made payable to the husband. The second mortgage was retired in October or November of 1987. The husband testified that he made all of the payments on the second mortgage but the wife disputed this and maintained that she had made four second mortgage payments.
The home, which was the marital residence throughout both of the marriages, had been purchased by the wife in 1978 for a purchase price of $52,900. The mortgage records reflected a first mortgage principal balance of $24,229.23 at the time of the transfer on September 26, 1983. During the course of the second marriage, both parties made mortgage payments prior to their separation on January 2, 1988. The husband testified that he made 48 of these payments on the first mortgage, most of these payments having been made during periods when the wife had absented herself from the marital home. The wife acknowledged that she did not make any mortgage payments during her absences.
At the hearing on December 5, 1988, the husband testified that there was a principal balance of $21,000 left to be paid on the first mortgage while the wife placed this figure at $20,000. The husband testified that the house was worth $62,000 and had been appraised for tax purposes at $63,000-$64,000. An appraiser testified that as of September 23, 1983, the house was *1310 worth $71,000. This appraisal had been made when the parties obtained their second mortgage but the appraiser could not testify as to present value of the house.
At the conclusion of the hearing, the wife testified that she had paid her attorney a retainer fee of $100 and believed that she owed him over $1,000 in costs. Counsel agreed to submit their arguments to the trial court in written form. On December 9, 1988, the wife submitted a memorandum of law which was devoted almost entirely to her claim of special equity in the marital residence. According to this memorandum, she claimed she was entitled to a special equity based upon her extraordinary contribution in acquiring the property. Furthermore, she argued that there was no evidence that she intended a gift of the property in making the formal transfer after the remarriage of the parties. The husband's final argument was submitted on December 21, 1988. He asserted that the wife was not entitled to any special equity because the transfer of the property was a gift to him. On that same day, the wife's attorney submitted an affidavit from an attorney who opined that $3,000 would be a reasonable attorney's fee for the wife. Also, on December 21, the trial court issued its final judgment of dissolution. In addition to dissolving the marriage, the trial court found that no gift of the property was intended when the wife transferred half of her interest to the husband. Consequently, the wife was granted a special equity amounting to sole ownership of the property. The court also awarded the wife attorney's fees in the amount of $2,000 and costs totalling $947.10 which amounts were to be paid by February 15, 1989. On December 27, 1988, the wife's attorney submitted affidavits concerning his time (29.05 hours at $100 per hour equal $2,905) and costs of $947.10.
Turning first to the husband's attorney fee argument, we find that there appears to be competent substantial evidence in the record to support the award of attorney's fees. It is, however, well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The presence of competent substantial evidence to support the award does not obviate the need for such specific findings. Accordingly the failure of the lower court to set forth such findings requires reversal with directions to set forth the basis upon which the award was made.
With regard to the wife's entitlement to a special equity, we observe first that the husband does not allege error in the trial court's finding of a special equity in favor of the wife. Rather, the husband objects to the method of calculating the special equity which resulted in a finding of 100% special equity for the wife.
Although a special equity can equal 100% of an asset, the facts of the instant case do not support such a finding. See Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978) (affirming a 100% special equity in the property which the husband wholly acquired and paid for prior to the marriage, and subsequently transferred to joint ownership during the marriage); Malkemes v. Malkemes, 357 So.2d 223 (Fla. 2d DCA 1978) (affirming a 100% special equity in two condominium apartments that were purchased during the marriage with money the wife had received from a source unconnected with the marriage).[1] In Landay v. Landay, 429 So.2d 1197 (Fla. 1983), the supreme court outlined the proper method of calculating a special equity:
The correct formula to be used in situations where a spouse furnishes some but not all of the consideration for entireties property, may be stated thusly: in addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's contribution bears to the entire consideration. Id. at 1200.
*1311 In the instant case, the entire consideration for the home was $52,900. The wife's contribution would consist of her equity in the home at the time of the transfer to the husband; this would equal $28,670.77.[2] Thus, the wife's special equity should have amounted to 77.1%.
In her trial memorandum, the wife claimed a special equity of 83% using the appraised value of the home in lieu of the purchase price, and then calculating her equity at the time of the transfer by subtracting the principal balance from the appraised value. The home's appraised value in 1983 is not a proper substitute for the purchase price.
Accordingly, this case is reversed and remanded for specific findings supporting the award of attorney's fees and for recalculation of the wife's special equity in accordance with the dictates of Landay. The trial court, in its sound discretion, may adjust other portions of the distribution scheme if it finds that the recalculation produces an unfair distribution.
Reversed and remanded with directions.
SMITH and THOMPSON, JJ., concur.
NOTES
[1] Although the Second District receded from a portion of Malkemes in Landay v. Landay, 400 So.2d 43, 45 (Fla. 2d DCA 1981), the cited portion was undisturbed.
[2] This figure is obtained when the principal balance on the first mortgage as of September 26, 1983, is subtracted from the total purchase price. [52,000 - 24,229.23 = 28,670.77]