DAVIS, Judge.
 

 Billie Lutz Gremel, the Wife, appeals the final judgment of dissolution of her marriage to Kirk Allan Gremel, the Husband. The Wife challenges the trial court’s failure to award retroactive alimony dating back to the date of the filing of the petition and failure to award prejudgment interest on the Husband’s alimony arrearage. Based on the record before us, we conclude that the trial court erred in both of these denials. We therefore reverse those portions of the final judgment of dissolution and remand for further consideration of those issues. The Wife also challenges the amount of permanent periodic alimony awarded to her, the trial court’s equitable distribution plan, and the denial of her request for attorney’s fees and costs. We affirm on each of those issues without discussion.
 

 The parties were married in March 1975 and separated in December 2003. The Wife, however, did not file her petition for dissolution until March 15, 2007. On April 1, 2008, the trial court entered a temporary alimony order, requiring the Husband to pay temporary alimony to the Wife in the amount of $2950 per month. The Husband failed to comply with this award, and in its final judgment, the trial court found that he was $22,450 in arrears by the time of the final hearing. At that hearing, the Wife also requested that the trial court award retroactive alimony back to the date of the filing of the petition. But the trial court denied that request, concluding that “this would be an overlap with the already established [temporary alimony] arrear-age.” This was error.
 

 The Husband’s arrearage resulted from his failure to pay those sums required by the April 1, 2008, temporary order. This does not negate the fact that the Wife may be entitled to an alimony award retroactive to the March 15, 2007, filing of the petition.
 
 See Valentine v. Van Sickle,
 
 42 So.3d 267 (Fla. 2d DCA 2010). The arrearage does not include alimony for the time period spanning from the March 15, 2007, filing of the petition to the April 1, 2008, entry of the temporary award. Therefore, any award of retroactive alimony for that time period would not overlap
 
 *980
 
 the arrearage. It appears that because the trial court mistakenly believed that there would be such an overlap, it failed to properly consider the Wife’s request for retroactive alimony. We therefore reverse the trial court’s denial of retroactive alimony and remand for further consideration by the trial court.
 

 On remand, the trial court must consider the Wife’s need and the Husband’s ability to pay during that time period in determining whether the Wife’s retroactive alimony request is appropriate.
 
 See id.
 
 at 274 (“[A]n award of retroactive alimony must be based on the receiving spouse’s need for alimony and the paying spouse’s ability to pay.”);
 
 see also Alpert v. Alpert,
 
 886 So.2d 999, 1002 (Fla. 2d DCA 2004) (reversing retroactive alimony award for trial court’s failure to make “findings concerning the sources ... of the [hjusband’s income during th[e] critical time-frame,” which this court identified as “the twenty-one-month period of the pendency of the proceedings for dissolution of marriage”).
 

 Also, the Wife is entitled to prejudgment interest on the alimony arrear-age owed by the Husband.
 
 See Burkley v. Burkley,
 
 911 So.2d 262, 271 (Fla. 5th DCA 2005) (“[TJhe court ... would err by declining to award prejudgment interest for arrearages. Courts must award prejudgment interest on arrearages found to be due in the final judgment.”);
 
 see also Miller v. Miller,
 
 679 So.2d 858, 858 (Fla. 1st DCA 1996) (“[TJhe trial court erred in failing to award prejudgment interest on the child support and alimony arrearag-es.”). Because the final judgment of dissolution fails to address this issue, we remand for the trial court to do so. On remand, the trial court shall amend the final judgment to include prejudgment interest on the arrearage set forth in the final judgment.
 

 Reversed and remanded with instructions.
 

 NORTHCUTT and MORRIS, JJ., Concur.