TOWBIN SINGER, MICHELE, Associate Judge.
 

 Appellant, William Keith Campbell (Husband), appeals a final order denying his verified motion for rehearing and/or to set aside the clerk’s default after the court’s entry of a default final judgment in a dissolution of marriage action with minor children. We affirm the final judgment in all respects, except that portion that awards attorney’s fees to counsel for Ap-pellee, Dina M. Campbell (Wife).
 

 A trial judge’s award of attorney’s fees and costs is reviewed under an abuse of discretion standard of review.
 
 See Kuczwanski v. Kuczwanski,
 
 602 So.2d 623, 623-24 (Fla. 4th DCA 1992). The standard for awarding attorney’s fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay.
 
 Derrevere v. Derrevere,
 
 899 So.2d 1152, 1153 (Fla. 4th DCA 2005).
 

 In the instant case, the default final judgment granted attorney’s fees to the Wife, stating: “The Husband shall be responsible for the Wife’s attorneys’ fees and costs pursuant to F.S. 61.16 as the Husband’s income and financial resources are far superior to the Wife’s and she has the need and he has the ability to pay same. The Wife’s total fees and costs incurred to date, and which the Husband shall be solely responsible are $4,200.00.”
 

 The law is “well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.”
 
 Hoffay v. Hoffay,
 
 555 So.2d 1309, 1310 (Fla. 1st DCA 1990);
 
 see also Macarty v. Macarty,
 
 29 So.3d 434, 435 (Fla. 2d DCA 2010) (“[A]n award of attorney’s fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings.” (quoting
 
 Esaw v. Esaw,
 
 965 So.2d 1261, 1265 (Fla. 2d DCA 2007)). The presence of competent substantial evidence to support the award does not obviate the need for such specific findings.
 
 Hoffay,
 
 555 So.2d at 1310.
 

 In determining a reasonable attorney’s fee, courts should consider the following factors:
 

 (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained;
 
 *1223
 
 (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent.
 

 Schwartz v. Schwartz,
 
 965 So.2d 832, 833-34 (Fla. 1st DCA 2007) (quoting
 
 Hamlin v. Hamlin,
 
 722 So.2d 851, 852 (Fla. 1st DCA 1998)).
 

 Where there is nothing in the trial court’s order that allows the appellate court to discern whether any of the above factors were considered in determining a reasonable attorney’s fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.
 
 See id.
 
 at 834;
 
 see also Harris v. McKinney,
 
 20 So.3d 400, 403 (Fla. 2d DCA 2009) (“Absent specific written findings regarding the basis for determination of the amount awarded, we are compelled to reverse and remand for further proceedings.”) (quoting
 
 Markovich v. Markovich,
 
 974 So.2d 600, 601 (Fla. 2d DCA 2008)). As the attorney’s fee award in the instant case lacks specific findings that would form the basis for affirming such an award, this Court hereby must also reverse and remand on the issue of attorney’s fees for further proceedings.
 

 Affirmed in Part; Reversed in Part and Remanded for Further Proceedings.
 

 TAYLOR and CIKLIN, JJ., concur.