ALTENBERND, Judge.
Mary Elizabeth Featherston appeals the final judgment of dissolution of her marriage to Mark Ashley Featherston. We affirm the judgment with three significant exceptions. The trial court abused its discretion in failing to award the Wife retroactive alimony. The trial court erred in failing to list and distribute a maritime pension and two motor vehicles as part of the equitable distribution. Finally, the parties own three rental properties in which they have little or no equity. The properties are to be sold under the terms of the final judgment. Although we affirm the order to sell these properties, we conclude that the trial court’s requirements as to the future distribution of the proceeds from these sales are incomplete and will require reconsideration on remand.
I. RETROACTIVE ALIMONY
This couple married in 1989 and was blessed with triplets in 1992. After the birth of the triplets, the Wife primarily worked as a homemaker raising the children and assisting with the management of several rental properties owned by the couple. She did not work outside the home until near the end of the marriage. The Wife has been working in a retail store earning about $20,000 per year, and the Husband is a sea captain earning about $70,000 per year. Both the Husband and the Wife are healthy and can be expected to work for more than a decade.
The Wife filed for divorce in February 2009. The trial court entered the final judgment of dissolution in August 2010. The Wife sought temporary support during the proceeding, but no order was ever entered. The Husband provided irregular child support, but does not appear to have paid any temporary support to the Wife. In the final judgment, the trial court awarded the Wife $1250 per month in permanent periodic alimony. Neither party challenges the permanent periodic alimony award. The Wife, however, argues that the trial court either erred as a matter of law or abused its discretion in denying her an award of retroactive alimony as well as an award of retroactive child support.
The Wife inherited money when her parents died. She kept her inheritance separate from the marital accounts, and it is undisputed that the inheritance is nonmar-ital. This nonmarital asset was apparently worth approximately $400,000 at an earlier time, but was valued at approximately $200,000 at the time of the final hearing. The Wife testified that she supported herself and the children by withdrawing funds from this account during the eighteen months of the dissolution proceeding.
The trial court denied both retroactive child support and retroactive alimony. *551 The matters related to the denial of retroactive child support are complex, and on this record we cannot say that the trial court abused its discretion with respect to the denial of retroactive child support.
As to the denial of retroactive alimony, however, we conclude that the trial court abused its discretion. The trial court found “that the Wife did not prove in evidence or testimony that there was retroactive need or ability to pay her temporary support during the pending litigation,” and it denied the Wife an award of retroactive alimony based upon that finding. As to arrearage of temporary support, the trial court stated: “The Wife made much of the fact that she had to use non-marital resources to support herself during the separation. There is no indication from the law that there is some prohibition against this.” Thus, the trial court was clearly influenced by the fact that the Wife had a nonmarital liquid asset available to her and that she had used it to support herself during the pendency of the litigation. But a spouse should not necessarily have to consume a separate asset to support himself or herself during the pen-dency of a dissolution of marriage proceeding to maintain the standard of living enjoyed by the husband and wife during the marriage. See Wolfson v. Wolfson, 455 So.2d 577, 579 (Fla. 4th DCA 1984).
Under the circumstances here, the trial court abused its discretion in denying the Wife any measure of temporary support simply because she had a nonmarital asset available to her. The evidence presented at the final hearing established that the Husband’s ability to contribute to his Wife’s support during the pendency of the divorce was similar to his ability at the time of the trial. It also established that the Wife’s need for support to maintain the marital standard of living during the pen-dency of the divorce was at least as great as it was at the time of the trial. On that evidence the trial court found that an award of permanent alimony in the amount of $1250 was appropriate. There is no question that the Wife had need for temporary support and that the Husband had the ability to pay.
Given that the permanent alimony of $1250 per month is well within the discretion of the trial court and the circumstances during the pendency of the divorce were similar to those at the time of the trial, we require the trial court to enter an award of retroactive alimony from the filing date of the petition based on $1250 per month. The Wife is entitled to prejudgment interest on this award. See Gremel v. Gremel, 45 So.3d 978, 980 (Fla. 2d DCA 2010).
II. EQUITABLE DISTRIBUTION
The attorneys who tried this case are not the attorneys who are handling this appeal. At trial, the attorneys for both parties tended to present evidence and issues in a manner that did not facilitate an easy decision by the trial court. For reasons that we do not need to explain in detail, the parties introduced evidence about a 2007 Chevrolet Silverado truck, a 2002 Saturn automobile, and a maritime pension, but the trial court did not value and distribute these assets in the final judgment. The two vehicles probably have a value less than $20,000 combined, but the pension is a significant asset of this marriage. On remand, the trial court shall value and distribute these assets and adjust the overall equitable distribution as needed. These changes shall not affect the award of alimony.
Finally, the couple owned a marital home and three rental properties. They moved from the marital home and it has been sold. The distribution of assets from that sale appears to have been resolved *552 adequately. The final judgment orders that the three rental properties be placed on the market and sold. The final judgment treats each rental property separately. Separate treatment may be possible, but the three properties present at least two complexities.
First, one of the properties is clearly worth less than the outstanding balance on the mortgage. When this property sells, the parties are likely to be in a position in which they owe money at the closing. A second property will be, at best, a breakeven proposition. The funds from the third sale may be sufficient to offset any losses in the other two sales. This stark reality is not addressed in the final judgment.
Second, the Husband unilaterally paid a tenant in one of the properties to move out so that he could live rent free in one of the units in that particular property, a duplex. He is apparently serving as property manager for all three properties. The judgment does not appear to give credit to the Wife for half of the rent otherwise payable on the unit occupied by the Husband, and it does not give credit to the Husband for his services as property manager. Although the final judgment instructs the parties to make an appropriate “Kelly credit”[1] with respect to each of these properties, we are concerned that it leaves unresolved too many issues about which these parties seem all too willing to fight.
This court encouraged the parties at oral argument to resolve these issues by stipulation. They were unable to do so. Hopefully, this opinion provides them with an outline that will allow them to reach an appropriate agreement on the relatively straightforward issues surrounding these three properties. If not, on remand, the trial court may conduct an additional hearing at which evidence may be received if necessary to resolve the equitable distribution issues addressed in this opinion.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and LaROSE, JJ., Concur.

. Kelly v. Kelly, 583 So.2d 667 (Fla.1991).