FORST, J.
Appellants, Oasis Builders, LLC and Rick Calpitano, appeal the non-final order of the trial court holding them in civil *1220 contempt for failure to produce documents to Appellee Brenda McHugh. Appellants raise three issues on appeal regarding the contempt order. However, because we find that the trial court fundamentally-erred in inappropriately basing its finding of contempt on Appellants’ noncompliance with something the prior court order did not say, we reverse on that ground as explained below.
The underlying case arose from a complaint filed by Appellee Brenda McHugh against Appellants for breach of contract and negligence concerning deficient remodeling projects in her home. During the course of the litigation, Appellee filed a third request for production of documents from Appellants, requesting, among other things, various tax return and compensation documents, as well as some telephone records. Appellants filed a motion for protective order as to the financial documents and telephone records requested. The motion for protective order challenged the production of those documents and records because of the private and sensitive financial information that would be included and argued that the information is not relevant to the issues in the case.
The trial court denied Appellants’ motion for protective order and ruled that certain information shall be redacted from the documents and records that is not needed or relevant. However, the court’s order did not expressly mandate that the documents were to be produced. Appellants never produced the documents, but they did file an amended response detailing objections to producing the documents on grounds of relevancy and invasion of privacy.
Appellee later filed a motion for contempt against Appellants for failure to produce the requested documents as allegedly ordered by the court. Appellee claimed that the failure to produce the documents was willful noncompliance of the court’s order and requested the court to hold Appellants in contempt, direct them to produce the documents forthwith, and sanction them by awarding Appellee her attorneys’ fees related to filing and arguing the motion. Appellants filed a response to the motion for contempt, again arguing that the requested documents and records requested were irrelevant to the issues in the case.
After a hearing on the matter, the trial court granted the motion for contempt, finding Appellants in contempt for “willfully and deliberately disregarding an order of this court” (i.e., the order denying the motion for protective order). The contempt order stated that Appellants may purge themselves of the contempt by producing the requested documents within ten days. The trial court also awarded Appel-lee the fees and costs incurred by her in connection with the contempt litigation.
We review an order of contempt for abuse of discretion. See Parisi v. Broward County, 769 So.2d 359, 363 (Fla. 2000). However, where contempt is based on something an order does not say, “the standard of review is de novo, not abuse of discretion.” Wilcoxon v. Moller, 132 So.3d 281, 286 (Fla. 4th DCA 2014). We have previously held that “a judge cannot base contempt upon noncompliance with something an order does not say.” Id. (internal quotations omitted) (emphasis added). If an order is not clear and unambiguous regarding what a party may or may not do or what it must or must not do, then it cannot support the conclusion that the party willfully or deliberately violated that order. DeMello v. Buckman, 914 So.2d 1090,1093 (Fla. 4th DCA 2005).
In our present case, the underlying order that served as the basis for finding Appellants in contempt merely denied a motion for protective order and stated that certain information should be *1221 redacted from discovery. As mentioned above, the order did not mandate that Appellants must produce the documents at issue. Although the court’s ruling to redact certain information from the documents may be taken to inherently mean that the court intended for the documents to be produced, such “implied .or inherent provisions of [an order] cannot serve as a basis for an order of contempt.” Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998). Because the trial court’s conclusion that Appellants willfully and deliberately disregarded the court order was based on an order that does not expressly require them to produce the documents, the trial court fundamentally erred in finding Appellants in contempt. See Wilcoxon, 132 So.3d at 286 (noting that fundamental error occurs with contempt orders when the trial court substantially departs from the essential requirements of law). We therefore reverse the order finding Appellants in civil contempt and remand for further proceedings.

Reversed and Remanded.

GROSS and GERBER, JJ., concur.