SUAREZ, J. Jose Ortiz, former husband, appeals from an order denying his motion for reconsideration of the trial court’s award of the former wife’s statutory pre-judgment attorney’s fees. We affirm in part and reverse in part and remand for further proceedings. The former husband asserts on appeal that the Final Judgment of Dissolution of Marriage erroneously awarded the former wife prejudgment attorney’s fees. Prior to the final dissolution hearing, the parties entered into a Mediated Settlement Agreement (Partial Agreement) solely resolving issues concerning the minor child. The Agreement specifically stated, “Parties hereby agree to reserve on any issues not specifically addressed herein.” It also stated “Each party shall be responsible for his/her own attorney’s fees and/or costs associated with the present litigation.” The former husband argued for the first time during his motion for reconsideration below that pursuant to that language the former wife had waived any claim to any attorney fees for the entire litigation.[1] The trial court correctly rejected this argument. Parties to a marriage cannot contract away or waive temporary support and attorney’s fees before a final judgment is entered. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); see also Lashkajani v. Lashkajani, 911 So.2d 1154 (Fla. 2005); Schecter v. Schecter, 109 So.3d 833 (Fla. 3d DCA 2013). We therefore affirm the trial court’s order that the former wife did not waive her claim for statutory pre-dissolution attorney’s fees The next question is whether the former wife is entitled to such fees and, if so, the amount. The standard for the trial court’s award of attorney’s fees in a dissolution action first depends upon the financial need of the requesting party and the financial ability to pay of the other party. Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005); § 61.16, Fla. Stat. (2016). After making that determination, the trial court then must determine whether the fees requested are reasonable. In determining the reasonableness of attorney’s fee, courts should consider the following factors: (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (B) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent. Campbell v. Campbell, 46 So.3d 1221, 1222-23 (Fla. 4th DCA 2010); Schwartz v. Schwartz, 965 So.2d 832, 833-34 (Fla. 1st DCA 2007). “Where there is nothing in the trial court’s order that allows the appellate court to discern whether any of the above factors were considered in determining a reasonable attorney’s fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.” Campbell, 46 So.3d at 1223. “[T]he trial court must make specific factual findings— either at the hearing or in the written judgment—supporting its determination of entitlement to an award of attorney’s fees.” Perez v. Perez, 100 So.3d 769, 771 (Fla. 2d DCA 2012). And “if the trial court determines that there is an entitlement to fees, the court must ‘set forth findings regarding the factors that justify the specific amount awarded.’” Id.; Rowe v. Rodriguez-Schmidt, 128 So.3d 158, 159 (Fla. 2d DCA 2013). The absence of factual findings in this record as to the parties’ need' and ability to pay, and reasonableness of fees makes it impossible for us to review the propriety of the trial court’s award of fees. Therefore, we remand solely for the trial court to apply the necessary analysis and make the required written findings of the parties’ needs, ability to pay, reasonableness of fees, and factors justifying the attorney’s fees requested. Affirmed in part, reversed and remanded in part. ROTHENBERG, C.J., concurs. . We note that former husband’s counsel conceded in his motion for reconsideration of the attorney's fee issue that he failed to raise the issue or object to the wife's proposed attorney’s fees during the final dissolution hearing.