IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RHONDA ARLENE BRADY,

     Appellant,

 v.                                                                   Case No. 5D17-1370

GUY ANTHONY BRADY,

     Appellee.

_____/

Opinion filed November 9, 2017

Appeal from the Circuit Court
for Seminole County,
John Galluzzo, Judge.

John N. Bogdanoff, of The Carlyle Appellate
Law Firm, The Villages, for Appellant.

No Appearance for Appellee.


LAMBERT, J.

     Rhonda Brady ("Former Wife") appeals the final judgment dissolving her marriage

to Guy Brady ("Former Husband"), raising several issues for review. Because we find

merit in three of her arguments, we reverse the judgment, in part, and remand for further

proceedings.

     First, Former Wife challenges the $800 per month permanent periodic alimony

awarded to Former Husband and the $22,400 awarded to Former Husband for retroactive

alimony computed at $800 per month over the twenty-eight-month period from the filing of the petition for dissolution of marriage to trial. Former Wife correctly argues that the trial court erred in basing the alimony award on the parties' respective gross incomes and not their net incomes. *See Gilliard v. Gilliard*, 162 So. 3d 1147, 1154 (Fla. 5th DCA 2015) ("A party's ability to pay alimony should be based on the party's net income; not gross income." (citing *Kingsbury v. Kingsbury*, 116 So. 3d 473, 474 (Fla. 1st DCA 2013)). On remand, the trial court must first determine the parties' respective monthly net incomes and thereafter make a specific determination as to whether Former Husband has the need for alimony and whether Former Wife has the ability to pay alimony, not only prospectively but also for an award of retroactive alimony. *See Motie v. Motie*, 132 So. 3d 1210, 1213– 14 (Fla. 5th DCA 2014) (holding that the trial court erred in not making any findings of fact regarding the one spouse's need or the payor spouse's ability to pay during the retroactive period).

Second, Former Wife contends that the trial court erred in requiring that she maintain a $500,000 life insurance policy as security for her alimony obligation. Section 61.08(3), Florida Statutes (2015), permits the trial court to order a party to purchase or maintain a life insurance policy as security for payment of alimony. However, to do so, the trial court must make findings in the final judgment as to the spouse's insurability, the cost of the proposed insurance, the ability of the spouse to afford the insurance, and whether appropriate circumstances exist to justify ordering the spouse to maintain this life insurance. *See Bracero v. Bracero*, 849 So. 2d 388, 390 (Fla. 5th DCA 2003) (citing *Layeni v. Layeni*, 843 So. 2d 295 (Fla. 5th DCA 2003); *Lopez v. Lopez*, 780 So. 2d 164 (Fla. 2d DCA 2001)). These factual findings are lacking in the present final judgment.

Thus, if the trial court again awards Former Husband permanent periodic alimony on remand, it may, in its discretion, require Former Wife to maintain an appropriate[1] amount of life insurance as security for her alimony obligation, but it must make the required findings to support that determination.

Third, Former Wife argues that the trial court abused its discretion in ordering her to pay $5000 in attorney's fees to Former Husband. We agree. "The standard for the trial court's award of attorney's fees in a dissolution action first depends upon the financial need of the requesting party and the financial ability to pay of the other party." *Ortiz v. Ortiz*, 42 Fla. L. Weekly D2025 (Fla. 3d DCA Sept. 20, 2017) (citing *Derrevere v. Derrevere*, 899 So. 2d 1152, 1153 (Fla. 4th DCA 2005); § 61.16, Fla. Stat. (2016)). Moreover, if the trial court finds that an entitlement to an award of attorney's fees has been established based upon the need and the ability to pay, the court must then make factual findings that justify the specific amount of fees awarded. *Id.*

The trial court made no findings as to a reasonable hourly rate for Former Husband's attorney's services nor a reasonable number of hours for the attorney to have expended in representing Former Husband. The only basis provided by the court in its final judgment for this award is that Former Husband testified that he owes his attorney $5000 for taking this case to trial and asked that Former Wife be required to pay these fees. However, simply awarding the amount charged by an attorney without additional findings of fact is improper and an abuse of discretion. *Id.* (quoting *Campbell v. Campbell*,

---

[1] The court may consider whether $500,000 in life insurance is needed to fully secure any alimony awarded. Former Husband was fifty-seven years old at the time of the final judgment, and Former Wife was fifty-two. At the previous rate of $800 per month, it would have taken Former Wife just over fifty-two years to pay $500,000 in alimony.

46 So. 3d 1221, 1223 (Fla. 4th DCA 2010)). On remand, after first addressing alimony, if the trial court thereafter finds that Former Husband is entitled to an award of attorney's fees, *cf. Galligar v. Galligar*, 77 So. 3d 808, 813 (Fla. 1st DCA 2011) (holding that trial court abused its discretion in awarding attorney's fees where an equitable distribution of the marital property has been achieved and the trial court has equalized incomes through its alimony award), then it must also make the required factual findings to support the amount of the attorney fee award.

Finally, Former Wife asserts that the trial court committed three separate errors in its equitable distribution of the parties' marital assets and liabilities. Our standard of review of a trial court's determination of equitable distribution is abuse of discretion. *Coleman v. Bland*, 187 So. 3d 298, 299 (Fla. 5th DCA 2016) (quoting *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008)). We find no abuse of discretion in the trial court's distribution of the marital assets and liabilities, but we conclude that the trial court made a mathematical error in the final judgment that must be corrected. In its equitable distribution of the marital assets and liabilities, the net amount distributed to Former Wife exceeded Former Husband's net benefit by $28,407.27. To rectify this uneven distribution, the trial court ordered that Former Wife pay an "equalizing payment" to Former Husband of $28,407.27 to achieve an equal division of the assets and liabilities. However, this equalizing payment merely switched the parties' positions so that Former Husband's net benefit from the equitable distribution now exceeds Former Wife's by the same $28,407.27. The mathematically correct equalizing payment is $14,203.64. Therefore, on remand, the trial court is directed to amend the final judgment to reduce Former Wife's equalizing payment to Former Husband to $14,203.64. *See Smith v.*

4

*Smith*, 39 So. 3d 458, 459–60 (Fla. 2d DCA 2010) (finding that when it is clear from the face of the final judgment that the trial court intended an equal distribution but, due to a mathematical error, the court effected an unequal distribution, reversal of the final judgment is necessary).

In sum, we reverse the portion of the final judgment that (1) awards Former Husband alimony, (2) requires Former Wife to maintain life insurance as security for the alimony, (3) awards Former Husband attorney's fees, and (4) directs Former Wife to pay Former Husband the sum of $28,407.27 to equalize the court's distribution of the marital assets and liabilities, and we remand for further proceedings on these matters consistent with this opinion. The trial court may take additional evidence as necessary. As to all other matters, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

SAWAYA and EVANDER, JJ., concur.