DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL DEBERNARDO,**
Appellant,

v.

**VILLA NOVA HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D21-380

[April 7, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case Nos. 50-2020-AP-000016-CAXX-MB and 50-2018-SC-025983-XXXX-SB.

R. Bowen Gillespie, III of Gillespie & Allison P.A., Fort Lauderdale, for appellant.

Marshall J. Osofsky of Law Office of Paul A. Krasker, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

Paul Debernardo appeals the county court's order awarding Villa Nova Homeowners Association, Inc. $29,508.33 in legal fees and argues, among other things, that the court awarded an unreasonable amount of fees and failed to set forth specific findings in the order regarding the time reasonably expended, the hourly rate, and other factors it may have considered. We agree that the court's failure to set forth the required findings in the order constitutes reversible error. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010) ("The law is 'well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.'" (quoting *Hoffay v. Hoffay*, 555 So. 2d 1309, 1310 (Fla. 1st DCA 1990))). The absence of these factual findings, however, "makes it impossible for us to review the propriety of the . . . court's award of fees," including the argument that the court

awarded an unreasonable amount of fees.[1]  *Ortiz v. Ortiz,* 227 So. 3d 730, 733 (Fla. 3d DCA 2017).  We therefore remand for the court to apply the necessary analysis, determine the proper amount of attorney's fees, and make the required written findings in the order.  *See id.*  We find no merit to the other issues raised on appeal.

*Affirmed in part, reversed in part, and remanded.*

WARNER and MAY, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

[1]  We nonetheless note that the amount of fees awarded in this case does seem excessive in light of the amount in controversy (less than $2,000), the relative simplicity of the issues in the case, and the fact that the case was resolved without the need for a trial. *See Ziontz v. Ocean Trail Unit Owners Ass'n,* 663 So. 2d 1334, 1335 (Fla. 4th DCA 1993) ("[W]e think a $60,000 fee award to foreclose a $100 common assessment is about as obviously against the manifest justice of the cause as anything could possibly be.").