DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEONARD KOVIC,**
Appellant,

v.

**SANDRA KOVIC** n/k/a **SANDRA WILLIAMS,**
Appellee.

No. 4D21-55

[January 5, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2015-DR-008531-XXXX-NB.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellant.

No appearance for appellee.

WARNER, J.

A former husband appeals an order holding him in contempt of a final judgment of dissolution of marriage. He contends that the trial court made multiple errors, including holding him in contempt for matters that were not expressly stated in the final judgment. Further, he argues that the attorney's fees which the court awarded were not supported by competent substantial evidence. We agree, in part, that the trial court abused its discretion in finding former husband in contempt, where the final judgment did not expressly address the conduct which the trial court deemed contemptuous. We also agree that the court, with respect to one of former wife's attorneys, failed to make the requisite findings to support the award for fees and costs. We thus reverse in part.

After a twenty-one year marriage, the parties filed for divorce. At the time of the filing of the petition, the parties were each fifty percent shareholders of two corporations: National Fence & Railing Co, Inc., a fence fabricator and installation company, and Mattson Holdings Company, a real estate holding company which owned the building that houses National Fence.

In 2015, the parties entered into a settlement agreement, which was not incorporated into a final judgment until 2019. The judgment provided, among other provisions, that the parties agreed to sell National Fence and Mattson and to share equally in any net proceeds from the sale of the business and the property. Former wife would continue to be paid her salary from National Fence plus fifty percent of any shareholder distributions until the company was sold. After the sale of National Fence, she would receive permanent periodic alimony.

Several months after the entry of the final judgment, former wife filed a motion for contempt/enforcement of the final judgment and for attorney's fees. That motion was denied, but it was followed by a second contempt motion, which resulted in an order in February 2020, requiring former husband to distribute monies from National Fence and Mattson to former wife and to provide her with an opportunity to inspect the corporate records, among other provisions.

Thereafter, former wife filed a third motion for contempt/enforcement and for sanctions. The court entered an order on the third motion that held former husband in contempt for intentionally and willfully violating certain terms of the final judgment and the two prior orders on former wife's motions for contempt. Specifically, the court found former husband in contempt for refusing to reimburse the former wife for expenses that she submitted for payment to National Fence, while at the same time reimbursing himself for similar expenses. The court also found him in contempt for failing to equalize distributions from National Fence. The court then ordered the corporation to pay to former wife $7,613.67 for expenses historically reimbursed by the corporation; ordered former husband to pay sums as distributions from National Fence; directed former husband to cease paying personal expenses from the corporation; and ordered former husband to pay former wife fifty percent of the income which she should have received as distributions from Mattson Holding Corporation, but for former husband's unilateral reduction of the rent historically paid by National Fence to Mattson. In addition, the court ordered the payment of attorney's fees of $24,478.30. The court combined all of the amounts due from former husband into one money judgment against him. From this order, former husband appeals.

Former husband contends that he cannot be held in contempt for actions or inactions related to National Fence as there has been no request to "pierce the corporate veil." Thus, he cannot be held personally liable for distributions that former wife failed to receive from National Fence. Former husband did not raise these arguments in response to former wife's motion for sanctions and third motion for contempt or at the hearing

2

on the motion.  Further, he did not raise this argument in response to the prior motions for contempt, in which the court also held former husband personally liable for making the distributions to his wife from the company. The first time this argument was raised was in the motion for rehearing of the order on appeal.  Accordingly, this issue is not preserved for appeal. *See Trinchitella v. D.R.F., Inc.*, 584 So. 2d 35, 35 (Fla. 4th DCA 1991) (finding this Court could not consider issues raised for the first time in a motion for rehearing in the trial court).

We do find that the court erred in holding former husband in contempt for the failure to reimburse the former wife for in-kind expenses which historically had been reimbursed by National Fence.  Prior to their divorce, former wife and former husband both worked for National Fence, and the company paid for various expenses, such as car and travel expenses that each incurred.  Former wife also received a salary, and both parties received profit distributions from the company.

In the final judgment, the court directed that "[p]ending the sale of National Fence, the[] Wife shall remain a 50% shareholder of National Fence and will continue to receive her regular salary and distributions, however, she will be relieved of obligations required to operate the business."  The final judgment and settlement agreement were silent as to "in-kind" income or reimbursement of expenses.

In the contempt order, the court found that National Fence had not reimbursed former wife for expenses of the same type which the company reimbursed former husband.  The court considered that former wife was entitled to share equally in the "salaries, bonuses, and distributions of the business," and concluded that this necessarily included former wife's entitlement to reimbursements to the same extent as former husband.

"[A] judge cannot base contempt upon noncompliance with *something an order does not say*."  *Oasis Builders, LLC v. McHugh*, 138 So. 3d 1218, 1220 (Fla. 4th DCA 2014) (quoting *Wilcoxon v. Moller*, 132 So. 3d 281, 286 (Fla. 4th DCA 2014)).  "If an order is not clear and unambiguous regarding what a party may or may not do or what it must or must not do, then it cannot support the conclusion that the party willfully or deliberately violated that order."  *Id.* (citing *DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005)).  When the order that forms the basis for the contempt does not "expressly" require the action by the party, the trial court fundamentally errs when finding that party in contempt for failure to do that action.  *See Keitel v. Keitel*, 716 So. 2d 842, 844 (Fla. 4th DCA 1998).  Although a court's prior ruling "may be taken to inherently mean that the court intended [for a certain action by the party], such 'implied or

3

inherent provisions of [an order] cannot serve as a basis for an order of contempt.'" *Oasis Builders*, 138 So. 3d at 1221 (quoting *Keitel*, 716 So. 2d at 844).

The court's finding that "since Former Wife is entitled to share equally in the salaries, bonuses and distributions of the business, necessarily included is her entitlement to the same reimbursements as Former Husband" was not a finding that could support an award of contempt. This was a provision that the court implied into the final judgment, not an express provision on which a contempt order could be based. *See Oasis*, 138 So. 3d at 1221. Furthermore, it does not necessarily follow that former wife would be entitled to reimbursement for expenses when she no longer engaged in the operation of the business. The court erred in holding former husband in contempt for these expenses in the amount of $7,613.67. On remand, this amount should be deducted from the money judgment against former husband.

Former husband also contends that the court erred in assessing against him additional distributions from Mattson Holding Company because of his unilateral reduction in rent paid by National Fence to Mattson, which reduced the income and thus the distributions to former wife. Like the expenses, former husband argues that the terms of the final judgment did not require National Fence to continue with the same rental payments to Mattson. The final judgment and settlement agreement did not discuss rent paid, but the agreement did provide that "[w]hile this asset remains jointly owned, the parties shall split any income derived from this asset."

In holding him in contempt with respect to the income, the court found that former husband had essentially cut Mattson's income in half by reducing National Fence's rent payments. "As a direct result of Former Husband's unilateral actions, Former Wife has lost a $16,389.49 distribution that she normally would have received. In effect, Former Husband, rather than paying the full amount of the rent that National Fence owes to Mattson Holdings, Inc., is distributing the funds to himself. Former Husband's actions were and are intentional and contemptuous."

We conclude that the court did not abuse its discretion. There was an express order to pay former wife her share of the income from Mattson. Former husband violated that order by reducing the regular income from National Fence, which the court found he distributed to himself. Former husband should not be allowed to intentionally violate the express order by unilaterally deciding to reduce the rent to Mattson and pocketing that

withheld rental income. The inclusion of this distribution in the money judgment against former husband was not an abuse of discretion.

Finally, former husband challenges the amount awarded for attorney's fees. He argues that the award in the amount of $24,478.30 was not supported by competent substantial evidence. The award included attorney's fees incurred in pursuing the second motion for contempt as well as the third motion. The orders on both motions granted attorney's fees to former wife. Two attorneys worked on the two motions. We agree that as to one of the attorneys, competent substantial evidence does not support its inclusion.

Former wife was represented by attorneys Henry and Weiss. Counsel for former husband agreed that the rates charged by both attorneys were reasonable. Henry testified and offered as an exhibit detailed invoices as to the time spent on each contempt motion. Henry testified Weiss was significantly involved in the second contempt motion, as she represented the former wife on corporate issues which arose in the second motion for contempt. Weiss's invoice, however, for the total amount of $11,773.05 did not show in the descriptions on the invoice how the hours expended were connected to the motions for contempt. In addition, paralegal services were included for which no testimony was provided as to reasonableness. Weiss testified that she was "brought in essentially to look at the issue of the valuation of the business and the documents necessary in regard to Mattson [] and National Fence." She drafted a memorandum and provided a business perspective. She testified to her hourly rate, but did not testify to the hours expended in connection to the second and third motions for contempt. The court did not determine the reasonable number of hours expended.

When awarding attorney's fees, a trial court must make specific findings as to the hourly rate and the number of hours reasonably expended. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010). "[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings." *Id.* (quoting *Macarty v. Macarty*, 29 So. 3d 434, 435 (Fla. 2d DCA 2010)). "The presence of competent substantial evidence to support the award does not obviate the need for such specific findings." *Id.* (citing *Hoffay v. Hoffay*, 555 So. 2d 1309, 1310 (Fla. 1st DCA 1990)). It is reversible error for the trial court to not make findings as to the breakdown of reasonable hours expended. *Carlson v. Carlson*, 639 So. 2d 1094, 1096 (Fla. 4th DCA 1994) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)). The failure

to identify the number of hours reasonably expended constitutes an abuse of discretion. *Heysek v. Heysek*, 997 So. 2d 489, 490 (Fla. 2d DCA 2008).

Neither the invoice nor the testimony from Weiss established the reasonable number of hours expended. Nor did her testimony explain how her work was connected with the motions for contempt, as opposed to the general issues connected with selling the two businesses. No testimony explained the paralegal work, or the costs included in the bill, such as photocopying costs. Accordingly, competent, substantial evidence does not support the award of $11,773.05 for Weiss's fees. The trial court erred in its determination of attorney's fees incurred by Weiss, and in its determination of the costs owed. These costs and fees should be subtracted from the attorney's fees awarded to former wife.

Former husband raises multiple other issues with respect to the order of contempt. We conclude that none of the remaining issues have merit.

In conclusion, we reverse the order of contempt with respect to the inclusion of the of $7,613.67 for reimbursement of expenses and $11,773.05 in attorney's fees. On remand, these amounts should be subtracted from the money judgment entered by the trial court. In all other respects we affirm the final judgment.

*Reversed in part, and affirmed in part.*

GERBER and LEVINE, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***