IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CATHY LINN O'BRIEN,

     Appellant,

v.                                     Case No.  5D21-892
                                       LT Case No. 2008-DR-0878

GARY PATRICK O'BRIEN,

     Appellee.

_____/

Opinion filed September 2, 2022

Appeal from the Circuit Court
for St. Johns County,
Christopher S. Ferebee, Judge.

Nancy C. Harrison, Danielle M.
Manos, and Paul M. Eakin, of Nancy
C. Harrison, Esq., P.L., Atlantic
Beach, for Appellant.

Michael J. Korn, of Korn & Zehmer,
P.A., Jacksonville, for Appellee.

LAMBERT, C.J.

     Cathy Linn O'Brien ("Former Wife") appeals the final order entered by

the trial court after trial granting Gary Patrick O'Brien's ("Former Husband")

second amended supplemental petition to terminate or modify his alimony obligation and denying her motion for contempt and enforcement regarding Former Husband's nonpayment of his court-ordered alimony.

Former Wife raises numerous arguments for reversal on appeal. After a careful review of the record, because we find merit in two of her arguments, we reverse the order, in part, and remand for further proceedings.[1]

BACKGROUND—

The parties' marriage was dissolved in July 2008. The final judgment incorporated their Marital Settlement Agreement ("MSA"), which provided, in pertinent part:

> **ALIMONY**: The Husband shall pay to the Wife the sum of Three Thousand Dollars ($3,000.00) per month as and for permanent alimony commencing June 1, 2008 and continuing on the first day of each month thereafter until the Husband or Wife dies, the Wife remarries or upon the Husband reaching the age of 65 whichever shall first occur. Alimony shall be modifiable in accordance with Florida Statutes, except that an increase in the Wife's income shall not be considered a substantial change of circumstances permitting a modification.

Former Husband paid his monthly alimony obligation through the January 1, 2016 payment. He lost his job later that month and made no

---

[1] We find it unnecessary to detail Former Wife's unsuccessful arguments.

alimony payments thereafter.

In late March 2016, Former Husband filed a supplemental petition to terminate or modify alimony; and, shortly thereafter, Former Wife filed a motion for contempt and enforcement based on Former Husband's nonpayment of alimony. The case remained relatively inactive until May 2019 when Former Wife filed an amended motion for contempt and enforcement. Former Husband later filed his second amended supplemental petition; and the case proceeded to trial over two days in July and October 2020, at which both parties testified.

In its final order, the trial court found that Former Husband had established a substantial, uncontemplated, and material change in his circumstances since the final judgment that was sufficient, involuntary, and permanent in nature. *See Befanis v. Befanis*, 293 So. 3d 1121, 1123 (Fla. 5th DCA 2020). The court "suspended" Former Husband's alimony obligation, retroactive to the March 2016 filing date, "until his ability to pay alimony is restored."[2] The court also denied Former Wife's motion for

---

[2] We note that Former Husband turned sixty-five on January 13, 2022, during the course of this appeal. Under the terms of the parties' MSA, from that date forward, his monthly obligation to pay alimony ended. Accordingly, while the trial court's order retroactively "suspended" Former Husband's alimony payment until his ability to pay alimony was "restored," because Former Husband is now sixty-five years of age, the practical result of the

3

contempt and enforcement, finding that she had failed to meet her burden of showing that Former Husband had willfully and intentionally violated the final judgment by not paying alimony while having the ability to pay.

Following an unsuccessful motion for rehearing, Former Wife timely brought this appeal. As previously indicated, we find merit in two of her arguments; and, for the reasons discussed below, we reverse on these issues. The final order is otherwise affirmed.

PRE-PETITION ALIMONY ARREARAGES—

Former Wife argues that the trial court erred in failing to award her $6,000 in alimony arrearages that accrued in February and March 2016 before Former Husband filed his initial supplemental petition for modification. We agree.

"A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto, but it cannot modify alimony that was due prior to the filing of the petition." *Ray v. Ray*, 707 So. 2d 358, 360 (Fla. 2d DCA 1998) (citing *McArthur v. McArthur*, 106 So. 2d 73 (Fla. 1958) (additional citations omitted)). Former Wife's right to the $6,000 owed to her in pre-petition alimony became vested when Former

---

order is that Former Husband's monthly alimony obligation to Former Wife, beginning with the April 1, 2016 payment, was essentially terminated.

4

Husband failed to make these payments. While the trial court here exercised its discretion in not holding Former Husband in contempt for this nonpayment, Former Wife is nevertheless owed the $6,000 and is entitled to enforce this obligation by legal process and by such other equitable remedies as the trial court may determine to be appropriate and necessary. *See Smalbein v. Smalbein*, 487 So. 2d 421, 424 (Fla. 5th DCA 1986) (citations omitted).

Additionally, Former Wife is correct that she is entitled to prejudgment interest on the $6,000 arrearages, with the interest accruing from the date that each $3,000 installment was due (February 1 and March 1, 2016). *See Burkley v. Burkley*, 911 So. 2d 262, 271 (Fla. 5th DCA 2005) ("Courts *must* award prejudgment interest on [child support] arrearages found to be due in the final judgment." (emphasis added)); *Gremel v. Gremel*, 45 So. 3d 978, 980 (Fla. 2d DCA 2010) (applying *Burkley* in the alimony context and finding that an obligee was entitled to prejudgment interest on the alimony arrearage owed by the obligor (additional citation omitted)).

TRIAL COURT'S USE OF THE PARTIES' RESPECTIVE GROSS INCOMES IN DETERMINING ALIMONY—

The trial court found that Former Husband met his burden of establishing the requisite change in his circumstances to modify his $3,000

5

per month alimony obligation.[3]   The court's next task was determining whether, as requested by Former Husband, to terminate his alimony obligation entirely or to order him to pay alimony in an amount less than his $3,000 per month obligation.  This duty necessitated that the court consider and evaluate the parties' respective financial conditions.

Former Wife argues that the trial court abused its discretion in suspending Former Husband's alimony obligation[4] because it relied on the parties' respective gross incomes, instead of their net incomes, in evaluating their financial conditions.  Former Wife is correct that a trial court errs when it uses the parties' respective gross incomes in determining an award of alimony.  S*ee Brady v. Brady*, 229 So. 3d 892, 893 (Fla. 5th DCA 2017) ("[T]he trial court must first determine the parties' respective monthly net incomes and thereafter make a specific determination as to whether [one spouse] has the need for alimony and whether [the other spouse] has the ability to pay alimony, not only prospectively but also for an award of

---

[3] Former Wife's challenge to this finding is one of the issues that we have affirmed without discussion.

[4] "[T]he standard for an appellate court's review of a trial court's decision to modify alimony is abuse of discretion." *Dunn v. Dunn*, 277 So. 3d 1081, 1085 (Fla. 5th DCA 2019) (alteration in original) (quoting *Jarrard v. Jarrard*, 157 So. 3d 332, 336 (Fla. 2d DCA 2015)).

retroactive alimony." (citing *Motie v. Motie*, 132 So. 3d 1210, 1213–14 (Fla. 5th DCA 2014))). The final order before us shows that the trial court did consider the parties' respective gross incomes instead of net incomes when ruling.

Former Wife brought this error to the trial court's attention through a timely motion for rehearing.[5] In her motion, Former Wife described what, in her view, the trial evidence showed to be Former Husband's net income during the years 2016 through 2019. Significantly, her motion submitted that Former Husband's net income during these years was either less than or, in 2019, approximately equal to hers. Under these specific circumstances, we conclude that any error committed by the trial court in utilizing the parties' gross incomes, at least regarding the suspension of Former Husband's alimony obligation through 2019, was harmless.

Our record, however, does not allow us to reach that same conclusion for calendar year 2020. As the trial court considered the parties' gross incomes, and not net incomes, in also suspending Former Husband's alimony obligation for 2020, we reverse that part of the final order and remand for the trial court to first determine the parties' net incomes for 2020

---

[5] Judge Ferebee, who denied the motion for rehearing, did not preside over the trial or enter the final order on appeal. The judge who presided over the trial is no longer on the bench.

7

from the evidence previously presented at trial. Upon determining the parties' respective monthly net incomes during 2020 up to the trial held in October 2020, the court shall then address whether to award a reduced amount of alimony per month to Former Wife, effective January 1, 2020, or, alternatively, to suspend Former Husband's monthly alimony obligation from that date forward and enter an appropriate order.

In sum, we reverse the final order insofar as it (1) failed to award Former Wife the sum of $6,000, plus accrued interest, for pre-petition alimony arrearages and (2) suspended Former Husband's monthly alimony obligation from January 1, 2020, forward; and we remand for further proceedings consistent with this opinion. We otherwise affirm the final order without additional discussion.

AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings.

WALLIS and TRAVER, JJ., concur.