# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

VICTOR FELIZ,

Appellant,

v.

ELENA NEGRON-CHAVES,

Appellee.

No. 2D2023-1241

_____

August 9, 2024

Appeal from the Circuit Court for Hillsborough County; G. Gregory Green, Judge.

K. Dean Kantaras of K. Dean Kantaras, P.A., Palm Harbor, for Appellant.

Kim A. Maxwell of Older, Lundy, Koch & Martino, Tampa, for Appellee.

KHOUZAM, Judge.

Victor Feliz, the Former Husband, appeals the final judgment awarding attorney's fees and costs to Elena Negron-Chaves, the Former Wife, in this dissolution of marriage case. We reverse and remand for the circuit court to make additional findings regarding the Former Wife's counsel's reasonable hourly rate and number of hours expended. We affirm the final judgment in all other respects.

The Former Husband argues that the trial court erred in awarding the Former Wife's attorney's fees without findings of fact to support her counsel's reasonable hourly rate and number of hours expended. "It is . . . well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors." *Hoffay v. Hoffay*, 555 So. 2d 1309, 1310 (Fla. 1st DCA 1990). "The number of hours reasonably expended . . . multiplied by a reasonable hourly rate . . . produces the lodestar, which is an objective basis for the award of attorney fees." *Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1151 (Fla. 1985). And "[t]he presence of competent substantial evidence to support the award does not obviate the need for such specific findings." *Hoffay*, 555 So. 2d at 1310. "[A]n order which fails to set forth the specific findings required by *Rowe* is fundamentally erroneous on its face." *Voronin v. Voronina*, 995 So. 2d 1049, 1050 (Fla. 2d DCA 2008).

Here, the court made a commendable effort in its order to set forth in great detail the facts relevant to the required *Rowe* factors. The court then accepted the numbers provided by the Former Wife as to the different hourly rates for each attorney and the total amount the entire firm billed in each statement. But unfortunately, the court did not specify the number of hours it found to be reasonably expended at each of the various hourly rates. This was a necessary part of its calculation of the final amount. Because the court's findings fall short of the very specific findings required under the case law, regrettably we are constrained to reverse and remand for the trial court to make additional, specific findings to support its award.

Affirmed in part; reversed in part; and remanded with instructions.

MORRIS and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.